IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CR-93-BR
No. 5:16-CV-343-BR

| | |
|---|---|
| KENNETH WAYNE MONROE, )<br>       Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>       Respondent. ) | ORDER |

This matter is before the court on petitioner's 28 U.S.C. § 2255 motion. (DE # 57.)

In 2007, petitioner pled guilty to conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 ("Count One") and aiding and abetting the brandishing of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 2 and 924(c) ("Count Three"). The court sentenced petitioner to a total term of 276 months imprisonment. Petitioner did not appeal. In 2012, petitioner filed his first § 2255 motion, (DE # 35), which the court dismissed on the government's motion, (DE # 41). In May 2016, petitioner filed a second § 2255 motion, (DE # 45), which the court dismissed because he had not obtained prior authorization from the Fourth Circuit Court of Appeals, (DE # 47).

In June 2016, after obtaining the Fourth Circuit Court of Appeals' authorization and with the assistance of court-appointed counsel, petitioner filed this § 2255 motion. Petitioner challenges his conviction on Count Three and his sentence. First, he claims that "[i]n light of . . . [Johnson v. United States, 125 S. Ct. 2551 (2015)], Hobbs Act conspiracy no longer qualifies as a 'crime of violence' within the meaning of Section 924(c) and, therefore, may not serve as a predicate for that offense." (Mot., DE # 57, at 4.) Second, again relying on Johnson, he claims

his sentence is unconstitutional because his prior conviction for conspiracy to commit robbery with a dangerous weapon is not a valid predicate offense for the career offender enhancement under the Sentencing Guidelines, U.S.S.G. § 4B1.2. (Id. at 5.) He requests that the court vacate his conviction on Count Three and resentence him. (Id. at 12.)

On the government's unopposed motion, the court placed this proceeding in abeyance pending the decisions in Beckles v. United States, 137 S. Ct. 886 (2017); United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (en banc), and United States v. Walker, 934 F.3d 375 (4th Cir. 2019). (DE # 62.) After those decisions issued, the court directed the parties to file supplemental briefs regarding the § 2255 motion. (8/27/19 Text Order.)

In its supplemental brief, the government argues because petitioner's conviction on Count Three was predicated on a "crime of violence"—the Hobbs Act *robbery* charged in Count Two, and not the Hobbs Act *conspiracy* charged in Count One, the conviction on Count Three is valid. (DE # 71, at 3-4.) The government also argues petitioner's challenge to his career offender status fails based on Beckles, among other reasons. (Id. at 4-5.) It maintains petitioner's § 2255 motion should be dismissed. (Id. at 6.) Petitioner moves to extend the time to file his supplemental brief. (DE # 70.)

Relevant to petitioner's first claim, a "crime of violence" for purposes of § 924(c) is defined as

> an offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The Supreme Court recently held that the "residual clause" of §

2

924(c)(3)(B) is unconstitutionally vague. United States v. Davis, 139 S. Ct. 2319, 2336 (2019). However, "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)[(3)(A)]." United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) (footnote and citations omitted). Therefore, because Hobbs Act robbery, which served as the predicate offense for petitioner's conviction on Count Three, remains a crime of violence under § 924(c), petitioner is not entitled to relief under § 2255 on his first claim.

Regarding petitioner's second claim, in Beckles, "the Supreme Court concluded that the [Sentencing] Guidelines are not subject to a vagueness challenge under the Due Process Clause." United States v. Lee, 855 F.3d 244, 246 (4th Cir. 2017) (citing Beckles, 137 S. Ct. at 892). Thus, petitioner's reliance on Johnson to support his second claim is misplaced, and petitioner's second claim fails. See id. at 247 ("*Johnson's* vagueness holding does not apply to the residual clause in § 4B1.2(a)(2)."),

Because further briefing on the issues is unnecessary, petitioner's motion for an extension of time is DENIED. The § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 12 September 2019.

_____
W. Earl Britt
Senior U.S. District Judge